# CIRCUIT COURT OF CHESTERFIELD COUNTY

Christine M. Bowen

v.

Mooney Airplane Co., Inc., et al.

Case No. CL10-1025

Melissa M. Bowen

v.

Mooney Airplane Co., Inc., et al.

Case No. CL10-1026

Michelle Harman,
Administratrix
of the Estate of
Joseph A. Grana, III,
deceased

v.

Honeywell International, Inc., et al.

Case No. CL10-978

September 16, 2011

BY JUDGE HERBERT C. GILL, JR.

This matter came before the Court on July 20, 2011, on a special appearance for a hearing regarding Defendant C&W Aero Services, Inc.'s, Motion to Dismiss for Lack of Personal Jurisdiction. Upon review of the relevant statutes, case law, and filings of the parties, the Court now issues its ruling.

Defendant C & W Aero Services, Inc. (hereinafter "C&W") is a New Jersey corporation with its principal place of business in the State of New Jersey. The facts indicate that C&W performed service and maintenance on the accident aircraft prior to the crash. C&W submits that the Court lacks personal jurisdiction under the Virginia long-arm statute, Va. Code § 8.01-328.1, and under the Due Process Clause of the United States Constitution. Conversely, the Plaintiff alleges that C&W conducted business in Virginia sufficient to satisfy the requirements of Virginia's long-arm statute and the Due Process Clause.

Determining whether the Court has personal jurisdiction over a nonresident defendant under Virginia's long-arm statute is a two-step process. First, the Court must determine whether C&W's alleged conduct supports jurisdiction under Va. Code § 8.01-328.1. Second, the Court must determine whether the exercise of jurisdiction over C&W is consistent with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

While the Plaintiff failed to specify the particular subsection of the Virginia long-arm statute under which personal jurisdiction is asserted in her Amended Complaint, the memoranda regarding personal jurisdiction indicate that the relevant subsection is (A)(4) which states, "A court may exercise personal jurisdiction over a person . . . as to a cause of action arising from the person's . . . [c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth."

The Supreme Court of Virginia has stated "the function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia to the extent permissible under the Due Process Clause. . . ." *Krantz v. Air Line Pilots Assoc., Int'l*, 245 Va. 202, 205, 427 S.E.2d 326 (1993) (quoting *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 259, 377 S.E.2d 388 (1989)), and this principle informs the Court's statutory interpretation. Thus, we consider whether a given interpretation of the long-arm statute would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). The defendant must have "certain minimum contacts" with the Commonwealth sufficient to confer personal jurisdiction. *Id.* We focus on "the relationship among the defendant, the forum, and the litigation" to make this determination. *Keeton v. Hustler Magazine*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)).

The Supreme Court of the United States has stated "to the extent that a corporation exercises the privileges of conducting activities within a state, it enjoys the benefits and protections of the laws of the state." *International Shoe Co.*, 326 U.S. at 319. The essential consideration is whether "there [is] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State. . . ." *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 739, 180 S.E.2d 664 (1971) (quoting *Hanson v. Denckla*, 357 U.S. 235, 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)). Moreover, a defendant's knowledge "that the stream of commerce may or will sweep the product into the forum does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).

In this case, C&W engaged in no purposeful activity in the Commonwealth of Virginia. While the Plaintiff points out that C&W maintained a website and a few Virginia contacts, these actions taken together fail to rise to the requisite level of "minimum contacts" required for this Court to assert personal jurisdiction over C&W. C&W conducts all of its service in New Jersey and has never displayed any intent to do business or provide its services in Virginia. As a result, C&W never committed any acts purposefully directed toward the Commonwealth sufficient to be haled into a Virginia court. Thus, the Court holds that personal jurisdiction over C&W is not proper under the Virginia long-arm state or the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.